

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **GREGORY J.O. ACCARINO**<br>*Senior Counsel*<br>phone: (212) 356-1945<br>gaccari@law.nyc.gov |

March 10, 2025

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>C.B., a minor v. City of New York, et al.</u>
    25-CV-483 (NRM) (VMS)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and attorney for defendant City of New York in the above-referenced matter. Defendant City writes to respectfully request a *nunc pro tunc* sixty (60) day extension of time, from March 5, 2025 to May 5 2025, to Answer or otherwise respond to the Complaint. This is defendant City's first such request and it does not affect any other deadlines, including the May 28, 2025 Initial Conference, or the May 19, 2025 deadline for the parties to submit a Joint Proposed Case Management Plan. *See* Dkt. No. 6, Scheduling Order, January 29, 2025. Plaintiff's counsel does not object to this request.

  As an initial matter, defendant City apologizes for the lateness of this request. Upon information and belief, there was an internal clerical issue when the Complaint was served on the City of New York, resulting in the Complaint not being properly logged. This was not discovered until March 7, 2025, after the March 5, 2025 deadline for the City to respond to the Complaint had passed. Once this issue was discovered, a colleague from the Office of Corporation Counsel immediately reached out to plaintiff's counsel, notified them of the issue, and requested their position regarding this extension request. On Sunday, March 9, 2025, I was assigned to this matter, and, upon coming back to work, prepared this extension request.

  By way of background, plaintiff, a minor, brings this action, pursuant to 42 U.S.C. § 1983, against the City of New York and New York City Police Department ("NYPD"), Youth

Coordination Officer ("YCO") Tanisha Mayfield, and YCO Sergio Meneses alleging claims of, *inter alia*, unlawful entry, unlawful seizure/false arrest, excessive force, 1st Amendment Retaliation, and municipal (*Monell*) liability, as well as related New York state law claims and violations of New York City Administrative Code, stemming from plaintiff's interaction with NYPD officers on November 1, 2023 at his residence.

Upon information and belief, defendant City was served on February 12, 2025, which would create a deadline to answer or otherwise respond to the Complaint of March 5, 2025. Defendant City is now requesting a *nunc pro tunc* sixty-day (60) extension from the March 5, 2025 deadline until May 5, 2025, to Answer or otherwise response to the Complaint. The reason for the requested enlargement of time is to provide this Office the opportunity to investigate the allegations of the Complaint in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure. As such, the requested enlargement of time will allow this Office time to procure adequate information and obtain documentation to respond to the Complaint, such as the underlying police records, Family Court file, and New York State Family Court file. It is our understanding that the relevant police, prosecution, and court records are sealed pursuant to New York Criminal Procedure Law § 160.50 and New York Family Court Act Section 375.1. To that end, defendant City has requested an unsealing release from plaintiff's counsel.

Furthermore, plaintiff has named NYPD Youth Coordination Officers Tanisha Mayfield and Sergio Meneses as defendants. A review of the docket indicates that defendants Mayfield and Meneses may have been served on February 5, 2025, creating a deadline of February 26, 2025 for them to Answer or otherwise respond to the Complaint. *See* Dkt. No. 10, Summons Returned, February 5, 2025. This Office has not yet had an opportunity to discuss with the officers the manner of service, and I make no representation herein as to the adequacy of service upon them. Assuming that these officers were properly served, however, the requested enlargement may also allow this Office time to conduct an inquiry to determine whether it will represent the officers in this action. *See* General Municipal Law § 50(k); *Mercurio v. City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). As this Office has not yet discussed representation with these officers, this request for an extension of time is not made on their behalf, however, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, I hope that the Court may grant a *nunc pro tunc* extension of time of the deadline for all defendants to Answer or respond to the Complaint to the same date of May 5, 2025.

For the foregoing reasons, defendant City respectfully requests a *nunc pro tunc* sixty (60) day extension of time, from March 5, 2025 to May 5 2025, to Answer or otherwise respond to the Complaint, and a corresponding extension for the individual defendants.

Defendant City thanks the Court for its consideration herein.

                                                    Respectfully submitted,

                                                    */s/ Gregory J.O. Accarino*

                                                    Gregory J.O. Accarino
                                                    *Senior Counsel*
                                                    Special Federal Litigation Division

cc:      **By ECF**
         Remy Green
         Gideon Oliver
         *Attorneys for Plaintiff*