

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **GREGORY J.O. ACCARINO**<br>*Senior Counsel*<br>phone: (212) 356-1945<br>gaccari@law.nyc.gov |

April 16, 2025

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>C.B., a minor v. City of New York, et al.</u>
              25-CV-483 (NRM) (VMS)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and attorney for defendant City of New York ("City") in the above-referenced matter.

    Defendant City writes to respectfully request a stay of this matter in its entirety, including an adjournment of all deadlines, until thirty (30) days after the resolution of the ongoing disciplinary proceeding concerning the incident forming the basis of plaintiff's complaint. This is the City's first request for a stay of the case. Plaintiff opposes this motion for a stay and will file a letter opposing the application in accordance with the Court's rules.

    By way of background, plaintiff, a minor, brings this action by himself, instead of through a parent/guardian on his behalf, pursuant to 42 U.S.C. § 1983, against the City of New York and New York City Police Department ("NYPD"), Youth Coordination Officer ("YCO") Tanisha Mayfield, and YCO Sergio Meneses alleging claims of, *inter alia*, unlawful entry, unlawful seizure/false arrest, excessive force, 1st Amendment Retaliation, and municipal (*Monell*) liability, as well as related New York state law claims and violations of New York City Administrative Code, stemming from plaintiff's interaction with NYPD officers on November 1, 2023 at his residence.

On March 10, 2025, defendant City requested (a) a *nunc pro tunc* sixty (60) day extension of time, from March 5, 2025 to May 5, 2025, to answer or otherwise respond to the Complaint, and (b) that the Court may extend the time for the individual defendants to respond to the Complaint to the same date of May 5, 2025. *See* Dkt. No. 12, Motion, March 10, 2025. On March 11, 2025, the Court granted defendant City's request, and set a deadline of May 5, 2025 for defendants to answer or otherwise respond to the Complaint. *See* Dkt. Entry, Order, March 11, 2025.

Recently, defendant City learned there is a pending disciplinary proceeding related to the alleged incident involving both of the individual defendants, and that such proceeding is not expected to be completed by the May 5, 2025 deadline to answer or otherwise respond to the Complaint.

There are several reasons why the pending disciplinary proceeding necessitates a stay of the instant action. First, the disciplinary proceeding may affect the representation of one or more of the individual defendants depending on its outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. *See* N.Y. Gen. Mun. Law § 50-(k); *Mercurio v. City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." *See id.*; *see also Mercurio*, 758 F.2d at 864-65; *Muniz v. City of New York*, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. Jul. 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the open disciplinary proceeding, this Office cannot make a determination at this time as to whether each officer "was acting . . . in the discharge of [their] duties and was not in violation of any rule or regulation of [their] agency at the time the alleged act or omission occurred," and thus cannot determine whether this Office can represent each defendant in this action. Moreover, best practices would prevent this Office from even communicating with the individual defendants to inquire about the facts of this matter until the resolution of the proceedings. This is because if the individual defendants are found to have violated NYPD procedures, there would be a conflict of interest between this Office and the individual defendant officers. Indeed, if this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division of the Office of Corporation Counsel, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Furthermore, requests for stays pending disciplinary proceedings in Section 1983 cases are frequently granted. *See, e.g., Grazette v. Rockefeller, et al.,* 20 Civ. 965 (ER) (SLC) (S.D.N.Y. Nov. 6, 2020) (Dkt. No. 38); *Walker v. Raja, et al.,* 17-CV-5202 (PKC) (TAM) (E.D.N.Y. Nov. 6, 2017) (Dkt. No. 21); *D.G., et al. v. City of New York, et al.*, 21-CV-2073 (WFH) (CLP) (E.D.N.Y. May 10, 2021) (May 10, 2021 Dkt. Entry); *Remy, et al., v. City of New York, et al.*, 20-CV-6189 (DG) (JRC) (E.D.N.Y. Mar. 12, 2021) (Mar. 12, 2021 Dkt. Entry).

Based on the foregoing, defendant City respectfully requests that the Court: (1) stay the instant matter until thirty (30) days after the resolution of the ongoing disciplinary proceeding; and (2) adjourn *sine die* all deadlines in this case, pending the conclusion of said proceeding, including the May 28, 2025 Initial Conference, and the May 19, 2025 deadline for the parties to submit a Joint Proposed Case Management Plan. With the Court's approval, defendant City is prepared to provide the Court with periodic updates as to the status of the disciplinary proceeding, until it has been concluded.

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

*/s/ Gregory J.O. Accarino*

Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc: **By ECF**
Remy Green
Gideon Oliver
*Attorneys for Plaintiff*