UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Vanky Bernadeau, as next friend and guardian of C.B., a minor,

               Plaintiff,

   - against -

THE CITY OF NEW YORK; NYPD YOUTH COORDINATION OFFICER ("YCO") TANISHA MAYFIELD (TAX I.D. 938967); and YCO SERGIO MENESES (TAX I.D. 968637),

               Defendants.
------------------------------------------------------------------ X

Case No.: 25-cv-00483

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff Vanky Bernadeau, as next friend and guardian of C.B. (he/him), by and through his attorneys, Cohen&Green P.L.L.C. and Gideon Orion Oliver, hereby complains of Defendants as follows:

## PARTIES

1. At all times mentioned herein, Vanky Bernadeau has been the guardian and parent of the minor, C.B., and a resident of Kings County in the City, and State of New York.

2. At all times mentioned herein, C.B. is and has been a minor and resident of Kings County in the City, and State of New York.

3. At the time of the incidents described herein, C.B. was 15 years old.

4. From here onward, C.B. --- as represented by and through Vanky Bernadeau --- is referred to as "Plaintiff" since it his interests being vindicated, while Vanky Bernadeau is referred to by name when or if relevant.

5. At all relevant times mentioned herein, Defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by the virtue of

the laws of the State of New York and acts by and through its agencies, employees, and agents, including (but not limited to) the New York City Police Department ("NYPD") and their employees.

6. Defendant NYPD YOUTH COORDINATION OFFICER ("YCO") TANISHA MAYFIELD (TAX I.D. 938967) was at all times relevant to this Complaint a member of the NYPD assigned to the 69th Precinct. She is sued individually and in her official capacity.

7. Defendant YCO SERGIO MENESES (TAX I.D. 968637), was at all times relevant to this Complaint a member of the NYPD assigned to the 69th Precinct. He is sued individually and in his official capacity.

8. At all times hereinafter mentioned, the Defendants were employed by the City of New York as members of the NYPD.

9. At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts and omissions of the Defendants alleged herein occurred while said Defendants were acting within the scope of their employment by the Defendant City.

11. Defendants were duly appointed and acting officers, servants, employees, and agents of Defendant City who were acting for, and on behalf of, and with the power and authority vested in them by Defendant City, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional

policies, practices and/or customs complained of herein, and/or condoned, acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

13. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

14. Although they were aware of the conduct, present for it, and knew or should have known it was unconstitutional, at no point did any of the Defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the unconstitutional conduct engaged in by their fellow officers.

15. Each individual Defendant is sued in her or his individual and official capacities.

**JURISDICTION, VENUE, AND GENERAL MUNICIPAL LAW COMPLIANCE**

16. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

17. The federal civil rights claims in this action are brought pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

18. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

19. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as at least one of the Defendants resides in this district and a substantial part of the events and/or omissions were committed in this district.

20. Plaintiff timely served a late Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

21.     On September 30, 2024, the Honorable Hasa A. Kingo, J.S.C. granted Plaintiff's application to file a late notice of claim, and deemed the notice served.

22.     Plaintiff followed up with the City to try to schedule a 50-h hearing many times, including in emails on October 23, 2024, November 13, 2024, and November 22, 2024 — all with no response after an initial statement that the matter would "be assigned shortly" in later October.

23.     Particularly with the statute of limitations impending, the City has therefore waived any right to take a 50-h hearing.

24.     Plaintiff has initiated this action within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law

## STATEMENT OF FACTS

25.     On November 1, 2023, at or around 5:30 p.m., the Defendants arrived at C.B.'s home located at 10717 Avenue J, Brooklyn, NY 11236.

26.     There was no legitimate reason for the Defendants to go to C.B.'s home.

27.     Defendants did not possess any warrant nor were there any exigent circumstances permitting the Defendants to enter C.B.'s home without a warrant.

28.     Nonetheless, Defendants, upon information and belief, gained access to C.B.'s home by deceiving a member of C.B.'s family who, under these false pretenses, allowed Defendants into the premises.

29.     Upon entering his home, Defendant Mayfield flicked the back of C.B.'s neck with her fingers and nails.

30.     Defendants repeatedly attempted to question C.B. without any legal basis or justification.

31. C.B. asked the Defendants to leave his home, informed the Defendants that he would not speak to them, and remained silent.

32. Despite C.B.'s invocation of his right to silence, Defendants continued questioning him and without any warrant remained inside of his home without consent after being asked to leave.

33. After the Defendants had refused to leave C.B.'s home, C.B., remaining seated, told Defendant Meneses to "hold my dick."

34. C.B. was not engaged in any unlawful, threatening, or violent activity and his comment towards Defendant Meneses was First Amendment protected speech.

35. In response to C.B.'s mere comment, Defendant Meneses charged at C.B., grabbed C.B. by the chest, pushed him back into his chair, pulled him up, twisted C.B.'s arms and hands, slammed C.B.'s head into a window behind him, and placed him in excessively tight handcuffs.

36. In so doing, Defendant Meneses injured C.B.'s head and wrists, causing bleeding and lacerations to his head, and lacerations to his wrists.

37. C.B. repeatedly informed the Defendants that his handcuffs were applied excessively tightly, causing pain, and asked them to loosen them, which the Defendants refused to do.

38. Defendant Mayfield witnessed Meneses' use of excessive force and did nothing to intervene, though she had an obligation and opportunity to do so.

39. C.B. asked the Defendants to call their supervisor which they refused to do.

40. Defendant Mayfield informed C.B. that Defendants would take him to their precinct stationhouse if he insisted on seeing their supervisor.

41. While C.B. was still handcuffed, Defendants falsely claimed that they could charge C.B. for "disorderly conduct" and "talking crazy" in his own home, both of which are non-existent offenses.

42. Defendants deliberately and knowingly falsely accused C.B. of disorderly conduct, despite knowing that disorderly conduct does not exist in a person's own home. *See generally.* N.Y. Pen. L. § 240.20.

43. The Defendants unlawfully detained C.B. and unlawfully subjected him to excessive force, and violated his First Amendment right to free speech.

### FIRST CLAIM FOR RELIEF
### Against the Individual Defendants
### For Unlawful Entry under New York common law

44. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

45. Defendants entered Plaintiff's home without privilege or lawful justification.

46. Defendants' entry into Plaintiff's home was unreasonable.

47. Plaintiff did not consent to Defendants entry into his home.

48. As a result of Defendants acts and omissions, Defendants deprived Plaintiff of Plaintiff's legal rights, caused Plaintiff emotional injury, and/or otherwise damaged and injured Plaintiff.

49. Defendants unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### SECOND CLAIM FOR RELIEF
### Unlawful Home Entry/Seizure/False Arrest
### Against the Individual NYPD Defendants

**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the Fourth and**

**Fourteenth Amendments to the United States Constitution**

50. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

51. The Individual NYPD Defendants entered Plaintiff's home and seized Plaintiff without a judicial warrant authorizing them to enter Plaintiff's home or seize Plaintiff.

52. The Individual NYPD Defendants seized Plaintiff without privilege or lawful justification.

53. The Individual NYPD Defendants' seizure of Plaintiff was unreasonable.

54. Plaintiff did not consent to and was conscious of his confinement by the Individual NYPD Defendants.

55. The Individual NYPD Defendants did not have probable cause to seize, detain, or arrest Plaintiff.

56. As a result of the Individual NYPD Defendants' acts and omissions, the Individual NYPD Defendants deprived Plaintiff of Plaintiff's legal rights, caused Plaintiff emotional injury, and/or otherwise damaged and injured Plaintiff.

57. The Individual NYPD Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**THIRD CLAIM FOR RELIEF**
**Excessive Force**
**Against the Individual NYPD Defendants**

**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution**

58. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

59. Defendants' use of force against Plaintiff was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

60. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

61. The illegal conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**FOURTH CLAIM FOR RELIEF**
**First Amendment Retaliation**
**Against the Individual NYPD Defendants**

**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution**

62. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

63. The Individual NYPD Defendants retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment to the United States Constitution and/or the New York State Constitution.

64. The Individual NYPD Defendants engaged in the acts and omissions complained of herein because of Plaintiff's protected speech and/or conduct.

65. The Individual NYPD Defendants engaged in the acts and omissions complained of herein in order to prevent Plaintiff from continuing to engage in such protected speech and/or conduct.

66. The Individual NYPD Defendants engaged in the acts and omissions complained of herein in order to prevent and/or discourage Plaintiff from engaging in similar protected conduct in the future.

67. As a result of the Individual NYPD Defendants' acts and omissions, the Individual NYPD Defendants deprived Plaintiff of Plaintiff's legal rights, caused Plaintiff emotional injury, and/or otherwise damaged and injured Plaintiff.

68. The Individual NYPD Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**FIFTH CAUSE OF ACTION**
**Section 1983 *Monell* Claim Against the Municipal Defendant**

69. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

70. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

71. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

72. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that

NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the Plaintiff herein.

73. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the Plaintiff's arrest.

74. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

75. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

76. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

77. All of the acts and omissions by the Individual Defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices,

procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

78. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the Plaintiff's rights in particular.

79. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SIXTH CLAIM FOR RELIEF

**N.Y.C. Admin. C. §§8-801 *et seq.*, "Qualified Immunity Repeal" Claims Against All Defendants**

80. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

81. The New York City Administrative Code §8-803 provides as follows in relevant part:

> a. "A covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable to the person aggrieved for legal or equitable relief or any other appropriate relief."
>
> b. "The employer of a covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable, based upon the conduct of such covered individual, to the person aggrieved for legal or equitable relief or any other appropriate relief."
>
> c. "A person aggrieved may make a claim pursuant to subdivision a of this section in a civil action in any court of competent jurisdiction by filing a complaint setting forth facts pertaining to the deprivation of any right created, granted or protected by section

8-802 and requesting such relief as such person aggrieved considers necessary to insure the full enjoyment of such right."

82. Given the fact that a "covered individual" under §8-801 means "[any] employee of the police department," the Individual Defendants are all considered covered individuals. §8-801.

83. Plaintiff is a "person aggrieved" because he was (at minimum) "allegedly subjected to, or allegedly caused to be subjected to, the deprivation of a right created, granted, or protected by §8-802 by a covered individual even if the only injury allegedly suffered by such natural person is the deprivation of such right." *Id.*

84. Defendant City is liable as an employer, as set out above.

85. Defendants' uses of force against Plaintiff were unjustified, unlawful, and objectively unreasonable, considering the facts and circumstances before the Defendants.

86. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of Plaintiff's federal, state, and/or other legal rights; caused Plaintiff's bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

87. Further, it is not a defense to liability under §§8-801 *et seq.* that a covered individual has qualified immunity or any other substantially equivalent immunity.

88. Thus, the Court should award both compensatory and punitive damages against all parties (including the City), an order restraining future conduct, and all reasonable fees and court expenses pursuant to §8-805 of the Administrative Code.

## SEVENTH CLAIM FOR RELIEF

**Violations of New York State Law**
*Pursuant to the New York State Constitution and New York State Common Law*

89. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

90. The conduct of the police officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of Defendant City, clothed with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to the Plaintiffs pursuant to the state common law doctrine of *respondeat superior*.

### Violations of the New York State Constitution

91. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11, and 12 of the New York State Constitution.

92. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 8, 9, 11, and 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

### Assault and Battery

93. Defendants committed assault within the meaning of New York common law against Plaintiff by intentionally placing Plaintiff in fear of imminent harmful or offensive contact.

94. Defendants committed battery within the meaning of New York common law against Plaintiff by intentionally physically contacting Plaintiff without Plaintiff's consent.

95. Defendants did thereby inflict assault and battery upon the Plaintiff.

### False Arrest, False Imprisonment, and Unreasonable Detention

96. In performing the actions and behaviors described above, the Defendants did falsely detain Plaintiff within the meaning of New York common law without reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so. Plaintiff additionally was conscious of the confinement and was confined without his consent.

### Intentional and Negligent Infliction of Emotional Distress

97. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

98. In performing the actions and behaviors described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

99. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

100. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

101. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police and law enforcement officials, and/or while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to the Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

## JURY DEMAND

102. Plaintiff requests a jury trial on all issues capable of being tried and determined by a jury pursuant to Fed. R. Civ. P. 38.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against the individual Defendants and the City of New York as follows:

i. Actual and punitive damages against the individual Defendants in an amount to be determined at trial;

ii. Actual damages in an amount to be determined at trial against the City of New York, and punitive damages pursuant to N.Y.C. Admin. C. § 8-805(1)(ii);

iii. An appropriate restraining order pursuant to N.Y.C. Admin. C. § 8-805(3)

iv. Statutory attorney's fees, disbursements, and costs of the action pursuant to, *inter alia,* 42 U.S.C. § 1988, N.Y.C. Admin. L. § 8-805(2), and New York common law; and

v. Such other relief as the Court deems just and proper.

Dated: Queens, New York
April 18, 2025

**COHEN&GREEN P.L.L.C.**

By:\_\_\_\_\_/s/_____
J. Remy Green
Elena L. Cohen

1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
elena@femmelaw.com
remy@femmelaw.com

**GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Plaintiff*