277 Broadway, Suite 1501
New York, NY 10007

**Gideon@GideonLaw.com**\*
**GideonLaw.com**

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914\*

*\*Not for service*

## Gideon Orion Oliver
—ATTORNEY AT LAW—
He/him/his

April 21, 2025

**BY ECF**
Hon. Vera M. Scanlon, United States District Judge
United States District Court, Eastern District of New York

Re:    _Bernadeau, et al., v. City of New York, et al.,_ 25-cv-483 (NRM)(BMS)

Your Honor:

I am co-counsel for Plaintiffs. I write in opposition to Defendant City of New York's motion for a stay (ECF 13). As argued more fully below, the Court should deny that application. *See, e.g., Rodriguez v City of NY*, 2025 US Dist LEXIS 24662 (EDNY Feb. 11, 2025) (denying City application for stay of case in its entirety until the conclusion of the relevant CCRB investigation); *Flores v. City of New York*, 24-cv-07162 (FB)(VMS), 12/20/2024 Text Only Order (same); *Morales v. City of New York*, 24-cv-01866 (HG), 6/7/24 Text Only Order (same); *St-Fort v City of NY*, . 22-cv-6879 (NRM) (MMH)), 2023 US Dist LEXIS 59191 (EDNY Apr. 4, 2023) (same).

By way of background, this is a 1983 action brought on behalf of Plaintiff C.B., a minor[1], against Defendant City, New York City Police Department ("NYPD") Youth Coordination Officer ("YCO") Tanish Mayfield, and NYPD YCO Sergio Meneses (Defendants Mayfield and Meneses are the "Individual Defendants"). Plaintiff initiated the action on January 28, 2025 (*See* ECF 1, the "Complaint"). Plaintiff served the Individual Defendants on February 5, 2025, and Defendant City on February 12, 2025. (*See* ECF 10, 11). On March 10, 2025, Defendant made an unopposed application for a 60-day extension for Defendant City to answer or otherwise respond to the Complaint, in which Defendant City stated that the case had not been assigned to an individual attorney until March 9, 2025 due to administrative errors on the Law Department's part. Defendant City sought the additional 60 days both so that Defendant City could "procure adequate information and obtain documentation to respond to the Complaint, such as the underlying police records, Family Court file, and New York State Family Court file" and so that the Law Department could "conduct an inquiry to determine whether it will represent the officers in this action" under General Municipal Law § 50(k). (*See* ECF 12). The Court granted that application the next day, on March 11, 2025. On April 16, 2025, Defendant City made its motion for a stay (ECF 13), which Plaintiffs now oppose. Notably, it is not clear what Defendant City has done to either investigate the allegations in the Complaint or as part of its inquiry about whether to represent the Individual Defendants between the date the Court granted the 60-day extension of time to answer and the date of Defendant City's stay application.

---

[1] While Defendant City notes Plaintiff C.B. initially brought suit by himself, instead of through a parent/guardian on his behalf, at the time of Defendant City's application, it knew that Plaintiff would be amending the pleading promptly to add Plaintiff's father, which plaintiff has now done (*see* ECF 14).

As seen below, the City's Civilian Complaint Review Board ("CCRB") has conducted – an concluded - an investigation into the incident, and recently recommended that the NYPD bring formal charges against the Individual Defendants. However, whether the NYPD will pursue charges or other discipline at all – and if so, when – remains to be seen. In meeting and conferring in advance of its application, counsel for Defendant City did not identify any "disciplinary proceeding" that was actually pending, and instead referred to the CCRB's investigation and recommendation to the NYPD, not any actual NYPD disciplinary proceeding. Counsel was not able to say when the NYPD would make a determination about whether, if at all, or, if so, when, it might pursue Departmental charges against one or both of the Individual Defendants, based on the CCRB's recommendations.

While Defendant City represents that "there is a pending disciplinary proceeding related to the alleged incident involving both of thee individual defendants" and that Defendant City only learned of it "recently," neither of those things are accurate. Rather, there is no disciplinary proceeding that is pending, as far as Plaintiffs know, and Defendant City has had constructive – and, likely, actual – knowledge of the CCRB investigation. For example, according to a review of the CCRB's website on April 21, 2025 regarding Case # 202310790, the CCRB's investigation began on November 15, 2023 and involved numerous records requests from the CCRB to the NYPD throughout 2024, as well as testimony from Plaintiff C.B. and the Individual Defendants in January, February, and May of 2024. The CCRB's website further indicates that the CCRB's investigation was substantially complete, and was "Pending Board Review," in July of 2024. More recently by letter dated March 20, 2025, the CCRB informed Plaintiff C.B.'s counsel that the CCRB had substantiated multiple charges against each of the Individual Defendants, including for use of force, abuse of authority, and, in one case, for making a false official statement, and that the CCRB had recommended that the NYPD bring formal charges against both of the Individual Defendants. Thus, the CCRB, NYPD, and Individual Defendants have all been aware of and involved in the CCRB's investigation since soon after the incident occurred in November of 2023. Defendant City therefore had constructive knowledge all along, by way of the CCRB and NYPD, and, presumably, actual knowledge, as a result of the investigations into the incident and representation questions that its counsel asked the Court for time to conduct.

Past that, there is, at least to Plaintiffs' knowledge, no pending disciplinary proceeding – only the CCRB's recommendation to the NYPD that it pursue formal charges and specifications. After the CCRB substantiates charges and recommends that the NYPD bring formal disciplinary proceedings, its Administrative Prosecution Unit ("APU") writes up proposed charges and specifications and forwards them to the NYPD.[2] Decisions about whether the NYPD will move forward with disciplinary proceedings at all, and, if so, on what timetable, rest solely with the NYPD. In this connection – importantly - the NYPD frequently refuses to bring charges that the CCRB recommends at all, and, when it does, it often engages in extensive delays, without any accountability to the victims of police misconduct, such as Plaintiff C.B. For example, in 2022, the NYPD rejected more than half of the disciplinary recommendations forwarded by the CCRB– 400

---

[2] *See* https://www.nyc.gov/site/ccrb/complaints/complaint-process/prosecutionnew.page (CCRB webpage providing an overview of the CCRB's APU, and related NYPD, processes) (last accessed April 21, 2025).

out of 754.[3] In 2024, the NYPD "killed more than 400 cases of alleged misconduct" that the CCRB "had investigated and substantiated."[4] And, according to a February 11, 2025 *NY1* report, in 2024, of 1,284 substantiated cases, "no discipline was taken in about 70%" of the cases.[5] Therefore, the mere fact that the CCRB investigates and substantiates charges, is a far cry from there being an open disciplinary proceeding, as Defendant City has said is the case here.

Of course, a "'court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.'" *Louis Vuitton Malletier S.A. v LY USA, Inc.*, 676 F3d 83, 97 (2d Cir 2012) (internal citation omitted). However, a stay is "an extraordinary remedy," *id.* at 98 (internal quotation and citation omitted), and "[t]he person seeking a stay 'bears the burden of establishing its need.'" *Id.* at 97 (internal citation omitted). "'[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Id.*, quoting *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003). "The district court's decision ultimately requires and must rest upon 'a particularized inquiry into the circumstances of, and the competing interests in, the case.'" *Id.* at 99 (internal citation omitted). "The district courts of this Circuit, for example, have often utilized a six-factor balancing test" that considers:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 99, citing *Trustees of the Plumbers & Pipefitters Natl. Pension Fund v Transworld Mech.*, 886 F. Supp. 1134, 1139 (SDNY 1995). Here, all of the relevant factors weigh in Plaintiffs' favor. On the first and second factors, there are no pending criminal charges against any Defendant, any potential disciplinary proceedings would be civil in nature, and would not implicate the Fifth Amendment concerns that sometimes – rarely - warrant a stay when criminal investigations or prosecutions are pending. On the third factor, Plaintiffs have a "a legitimate interest in the expeditious resolution of [their] civil case." *Jackson v. Johnson*, 985 F.Supp. 422, 425 (SDNY 1997). Further delays will prejudice Plaintiffs in frustration of that interest. On the fourth factor, Defendant City does not have an interest, independent of any public interest, that would be implicated by moving forward with discovery in this case. As to the fifth factor, the interests of the courts, "a court's interests is usually best served by discouraging motions to stay," *Hicks*, 268 F.Sup.2d at 243 (citation omitted), and

---

[3] *See* Marcia Cramer, *NYPD Rejected Over Half of Review Board's Discipline Records*, The New York Times, March 16, 2023, available online at https://www.nytimes.com/2023/03/16/nyregion/nypd-discipline-recommendations.html (last accessed April 21, 2025).

[4] *See* Eric Umansky, *The NYPD Is Tossing Out Hundreds of Misconduct Cases – Including Stop-and-Frisks – Without Even Looking At Them*, ProPublica, September 11, 2024, available online at https://www.propublica.org/article/nypd-tossed-out-police-misconduct-discipline-cases-edward-caban (last accessed April 21, 2025).

[5] *See* Eric Feldman, *CCRB: NYPD Complaints rise, as do cases with no discipline issued,* February 11, 2025, available online at https://ny1.com/nyc/all-boroughs/news/2025/02/12/ccrb--nypd-complaints-rise--as-do-cases-with-no-discipline-issued (last accessed April 21, 2025).

"judicial economy would not be achieved by a stay of this action," *Jackson*, 985 F.Supp. at 425, including because imposing a stay "would disrupt the court's calendar by indefinitely postponing" discovery and trial, *IBM Corp. v. Brown*, 857 F.Supp. 1384, 1392 (C.D.Cal. 1994). As to the sixth and last factor, continuing, rather than staying, this litigation would serve the public interest, including the "important federal interests and broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." *Crosby v. City of New York*, 269 F.R.D. 267, 274 (SDNY 2010) (Scheindlin, J.).

In support of its application, Defendant City claims only that "the disciplinary proceeding may affect the representation of one or more of the individual defendants depending on its outcome." ECF 13 p. 2. Defendant City also says that, "[b]ecause of the open disciplinary proceedings, this Office cannot make a determination at this time" about whether it "can represent each defendant in this action." *Id.* This Court should reject those arguments, as Your Honor did in *Flores* and Judge Morrison did in *St. Fort*. In *Flores*, Your Honor ruled that "[t]he open question of representation does not require a stay of the case, as the City can answer and conduct discovery on its own behalf," noting that, "given the uncertainty as to the length of the CCRB investigation, the Court finds that a stay would be more prejudicial to Plaintiffs"). *See Flores v. City of New York*, 24-cv-07162 (FB)(VMS), 12/20/2024 Text Only Order. In *St.-Fort*, Judge Morrison explained that the existence of a CCRB investigation or even a disciplinary proceeding brought by the NYPD did not warrant staying a related civil proceeding under circumstances similar to those in *Flores* and this case, noting that the Individual Defendants could – and should – appear by their own counsel while the Law Department makes its representation determinations. *See St.-Fort v City of NY*, 2023 US Dist LEXIS 59191, at *5-9. Similarly, in *Morales*, citing to and following *St.-Fort*, Judge Gonzalez explained:

> [T]he Court does not see any reason why the pending CCRB investigation would prevent Corporation Counsel from reaching its own determination as to whether it can represent the three individual Defendants implicated in that investigation as it admits it is required to do under New York State's General Municipal Law. As Plaintiff correctly points out, the CCRB is an independent investigatory body whose determinations are non-binding, and nothing in the general municipal law requires Corporation Counsel to make its representation determinations in accordance with CCRB findings.

*Morales v. City of New York*, 24-cv-01866 (HG), 6/7/24 Text Only Order. And, more recently, Judge Merle followed the logic and outcome of *Santi-Fort*, reasoning:

> Indeed, individual defendants may  retain counsel while the City determines whether its counsel will represent those defendants as well—a determination that may not necessarily be resolved with the completion of the CCRB investigation…. The status of representation for the individual defendants—who are not currently represented by Corporation Counsel and "may end up being [the City's] adversary" in this action, *Saint-Fort*, 2023 U.S. Dist. LEXIS 59191, 2023 WL 2771606, at *2 n.1—does not weigh in favor of the City's request for a stay.

*Rodriguez v City of NY*, 2025 US Dist LEXIS 24662, at *6-7 (internal citation omitted).
Thank you for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver