UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

Vanky Bernadeau, as next friend and guardian of C.B., a minor,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, ET AL.,

                            Defendants.

------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT BY DEFENDANT CITY**

25-CV-483 (NRM) (VMS)

**JURY TRIAL DEMANDED**

        Defendant City of New York ("City"), its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for its Answer to the Amended Complaint, dated April 18, 2025 (*see* Dkt. No. 14), respectfully alleges, upon information and belief, as follows:

        1.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Amended Complaint.

        2.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Amended Complaint.

        3.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint.

        4.        States that the allegations set forth in paragraph "4" of the Amended Complaint are not averments of fact that require a response.

        5.        Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits only that the City of New York is a municipal corporation organized under the laws of the States of New York, and that the City maintains the New York City Police

Department ("NYPD"), and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

      6.      Denies the allegations in paragraph "6" of the Amended Complaint, except admits only that, on November 1, 2023, Officer Tanisha Mayfield was employed by the NYPD.

      7.      Denies the allegations in paragraph "7" of the Amended Complaint, except admits only that, on November 1, 2023, Officer Sergio Meneses was employed by the NYPD.

      8.      Denies the allegations in paragraph "8" of the Amended Complaint, except admits only that, on November 1, 2023, Officer Tanisha Mayfield and Officer Sergio Meneses were employed by the NYPD.

      9.      States that the allegations set forth in paragraph "9" of the Amended Complaint are conclusions of law to which no response is required.

      10.      States that the allegations set forth in paragraph "10" of the Amended Complaint are conclusions of law to which no response is required.

      11.      States that the allegations set forth in paragraph "11" of the Amended Complaint are conclusions of law to which no response is required.

      12.      Denies the allegations set forth in paragraph "12" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

      13.      States that the allegations set forth in paragraph "13" of the Amended Complaint are conclusions of law to which no response is required.

14. States that the allegations set forth in paragraph "14" of the Amended Complaint are conclusions of law to which no response is required.

15. States that the allegations set forth in paragraph "15" of the Amended Complaint are not averments of fact that require a response.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

18. States that the allegations set forth in paragraph "18" of the Amended Complaint are conclusions of law to which no response is required.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

20. Denies the allegations set forth in paragraph "20" of the Amended Complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 18, 2024; to the extent this paragraph contains conclusions of law, no response is required.

21. In response to the allegations set forth in paragraph "21" of the Amended Complaint, defendant City respectfully refers the Court to the cited decision for an accurate recitation of its contents.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Denies the allegations set forth in paragraph "23" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

24. States that the allegations set forth in paragraph "24" of the Amended Complaint are conclusions of law to which no response is required.

25. In response to the allegations set forth in paragraph "25" of the Amended Complaint, admits that Officer Tanisha Mayfield and Officer Sergio Meneses arrived at C.B.'s residence on November 1, 2023 at approximately 5:47 p.m.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint.

27. In response to the allegations set forth in paragraph "27" of the Amended Complaint, admits that Officer Tanisha Mayfield and Officer Sergio Meneses did not have a warrant to enter C.B.'s residence.

28. Denies the allegations set forth in paragraph "28" of the Amended Complaint.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint.

30. States that the allegations set forth in paragraph "30" of the Amended Complaint are conclusions of law to which no response is required.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint, except admit that C.B. stated to Officer Meneses, "hold my dick."

34. States that the allegations set forth in paragraph "34" of the Amended Complaint are conclusions of law to which no response is required.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38. States that the allegations set forth in paragraph "38" of the Amended Complaint are conclusions of law to which no response is required.

39. In response to the allegations set forth in paragraph "39" of the Amended Complaint, admits that C.B. asked Officer Tanisha Mayfield and Officer Sergio Meneses for their supervisor.

40. In response to the allegations set forth in paragraph "40" of the Amended Complaint, admits that Officer Tanisha Mayfield stated that, in sum and substance, if a supervisor comes, you are coming with us.

41. Denies the allegations set forth in paragraph "41" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint and respectfully refers the Court to the cited section of the New York State Penal Law

for an accurate recitation of its contents; to the extent this paragraph contains conclusions of law, no response is required.

43. States that the allegations set forth in paragraph "43" of the Amended Complaint are conclusions of law to which no response is required.

44. In response to the allegations set forth in paragraph "44" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

45. States that the allegations set forth in paragraph "45" of the Amended Complaint are conclusions of law to which no response is required.

46. States that the allegations set forth in paragraph "46" of the Amended Complaint are conclusions of law to which no response is required.

47. States that the allegations set forth in paragraph "47" of the Amended Complaint are conclusions of law to which no response is required.

48. States that the allegations set forth in paragraph "48" of the Amended Complaint are conclusions of law to which no response is required.

49. States that the allegations set forth in paragraph "49" of the Amended Complaint are conclusions of law to which no response is required.

50. In response to the allegations set forth in paragraph "50" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

51. In response to the allegations set forth in paragraph "51" of the Amended Complaint, admits that Officer Tanisha Mayfield and Officer Sergio Meneses entered plaintiff's residence; to the extent this paragraph contains conclusions of law, no response is required.

52. States that the allegations set forth in paragraph "52" of the Amended Complaint are conclusions of law to which no response is required.

53. States that the allegations set forth in paragraph "53" of the Amended Complaint are conclusions of law to which no response is required.

54. States that the allegations set forth in paragraph "54" of the Amended Complaint are conclusions of law to which no response is required.

55. States that the allegations set forth in paragraph "55" of the Amended Complaint are conclusions of law to which no response is required.

56. States that the allegations set forth in paragraph "56" of the Amended Complaint are conclusions of law to which no response is required.

57. States that the allegations set forth in paragraph "57" of the Amended Complaint are conclusions of law to which no response is required.

58. In response to the allegations set forth in paragraph "58" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

59. States that the allegations set forth in paragraph "59" of the Amended Complaint are conclusions of law to which no response is required.

60. States that the allegations set forth in paragraph "60" of the Amended Complaint are conclusions of law to which no response is required.

61. States that the allegations set forth in paragraph "61" of the Amended Complaint are conclusions of law to which no response is required.

62. In response to the allegations set forth in paragraph "62" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

63. States that the allegations set forth in paragraph "63" of the Amended Complaint are conclusions of law to which no response is required.

64. States that the allegations set forth in paragraph "64" of the Amended Complaint are conclusions of law to which no response is required.

65. States that the allegations set forth in paragraph "65" of the Amended Complaint are conclusions of law to which no response is required.

66. States that the allegations set forth in paragraph "66" of the Amended Complaint are conclusions of law to which no response is required.

67. States that the allegations set forth in paragraph "67" of the Amended Complaint are conclusions of law to which no response is required.

68. States that the allegations set forth in paragraph "68" of the Amended Complaint are conclusions of law to which no response is required.

69. In response to the allegations set forth in paragraph "69" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

70. States that the allegations set forth in paragraph "70" of the Amended Complaint are conclusions of law to which no response is required.

71. Denies the allegations set forth in paragraph "71" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

72. Denies the allegations set forth in paragraph "72" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

73. Denies the allegations set forth in paragraph "73" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

74. Denies the allegations set forth in paragraph "74" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

75. Denies the allegations set forth in paragraph "75" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

76. Denies the allegations set forth in paragraph "76" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

77. Denies the allegations set forth in paragraph "77" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

78. Denies the allegations set forth in paragraph "78" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

79. Denies the allegations set forth in paragraph "79" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

80. In response to the allegations set forth in paragraph "80" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

81. In response to the allegations set forth in paragraph "81" of the Complaint, defendant City respectfully refers the Court to the cited section of the New York City Administrative Code for an accurate recitation of its contents.

82. States that the allegations set forth in paragraph "82" of the Amended Complaint are conclusions of law to which no response is required, and respectfully refers the Court to the cited section of the New York City Administrative Code for an accurate recitation of its contents.

83. States that the allegations set forth in paragraph "83" of the Amended Complaint are conclusions of law to which no response is required, and respectfully refers the Court to the cited section of the New York City Administrative Code for an accurate recitation of its contents.

84. Denies the allegations set forth in paragraph "84" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

85. States that the allegations set forth in paragraph "85" of the Amended Complaint are conclusions of law to which no response is required.

86. States that the allegations set forth in paragraph "86" of the Amended Complaint are conclusions of law to which no response is required.

87. States that the allegations set forth in paragraph "87" of the Amended Complaint are conclusions of law to which no response is required.

88. Denies the allegations set forth in paragraph "88" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

89. In response to the allegations set forth in paragraph "89" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

90. Denies the allegations set forth in paragraph "90" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

91.     Denies the allegations set forth in paragraph "91" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

92.     Denies the allegations set forth in paragraph "92" of the Amended Complaint, except admits to seek the relief stated therein; to the extent this paragraph contains conclusions of law, no response is required.

93.     States that the allegations set forth in paragraph "93" of the Amended Complaint are conclusions of law to which no response is required.

94.     States that the allegations set forth in paragraph "94" of the Amended Complaint are conclusions of law to which no response is required.

95.     States that the allegations set forth in paragraph "95" of the Amended Complaint are conclusions of law to which no response is required.

96.     States that the allegations set forth in paragraph "96" of the Amended Complaint are conclusions of law to which no response is required.

97.     In response to the allegations set forth in paragraph "97" of the Amended Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

98.     States that the allegations set forth in paragraph "98" of the Amended Complaint are conclusions of law to which no response is required.

99.     States that the allegations set forth in paragraph "99" of the Amended Complaint are conclusions of law to which no response is required.

100.    States that the allegations set forth in paragraph "100" of the Amended Complaint are conclusions of law to which no response is required.

101. Denies the allegations set forth in paragraph "101" of the Amended Complaint; to the extent this paragraph contains conclusions of law, no response is required.

102. States that the allegations set forth in paragraph "102" of the Amended Complaint are not averments of fact that require a response.

**FIRST DEFENSE/AFFIRMATIVE DEFENSE:**

103. The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE/AFFIRMATIVE DEFENSE:**

104. Any injury alleged to have been sustained resulted from C.B.'s own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant City because, *inter alia*, C.B. made a hostile comment towards the police officers and refused to comply with the officers' instructions.

**THIRD DEFENSE/AFFIRMATIVE DEFENSE:**

105. There was probable cause for C.B.'s detention because, *inter alia*, C.B. made a hostile comment towards the police officers and refused to comply with the officers' instructions.

**FOURTH DEFENSE/AFFIRMATIVE DEFENSE:**

106. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, nor have the defendants violated any Act of Congress providing for the protection of civil rights.

**FIFTH DEFENSE/AFFIRMATIVE DEFENSE:**

107. C.B. provoked the incident because, *inter alia*, C.B. made a hostile comment towards the police officers and refused to comply with the officers' instructions.

**SIXTH DEFENSE/AFFIRMATIVE DEFENSE:**

108. Plaintiff and C.B. may have failed to comply with New York General Municipal Law §§ 50(e), *et seq* because, *inter alia,* plaintiff and C.B. did not sit for a 50-H Hearing.

**SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:**

109. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**EIGHTH DEFENSE/AFFIRMATIVE DEFENSE:**

110. Officer Tanisha Mayfield and Officer Sergio Meneses had consent to enter C.B.'s residence.

**NINTH DEFENSE/AFFIRMATIVE DEFENSE:**

111. C.B. may have failed to mitigate his alleged damages.

**WHEREFORE,** defendant City requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 23, 2025

>                               MURIEL GOODE-TRUFANT
>                               Corporation Counsel of the City of New York
>                               *Attorney for Defendant City*
>                               100 Church Street
>                               New York, New York 10007
>                               (212) 356-1945
>
>                         By:   */s/ Gregory J.O. Accarino*
>                               Gregory J.O. Accarino
>                               *Senior Counsel*
>                               Special Federal Litigation Division

TO:   **By ECF:**
      Remy Green, Esq.
      Gideon Oliver, Esq.
      *Attorneys for Plaintiff*