UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Vanky Bernadeau, as next friend and guardian of
C.B., a minor,

                          Plaintiff,

          -against-

THE CITY OF NEW YORK NYPD YOUTH
COORDINATION OFFICER ("YCO") TANISHA
MAYFIELD (TAX I.D. 938967); and YCO
SERGIO MENESES (TAX I.D. 968637).

                          Defendants.
-----------------------------------------------------------X

**ANSWER TO THE AMENDED
COMPLAINT WITH CROSS-CLAIMS
AGAINST THE CITY OF NEW YORK**

Docket No: 25-CV-00483 NRM-VMS

JURY TRIAL DEMANDED

Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES, by their attorneys LaBarbera & Associates P.C., hereby answer Plaintiff's

Amended Complaint as follows:

**PARTIES**

1.     Deny knowledge and information sufficient to form a belief as to the allegations

       contained in paragraph 1.

2.     Admit the allegations contained in paragraph 2.

3.     Deny knowledge and information sufficient to form a belief as to the allegations

       contained in paragraph 3.

4.     Deny knowledge and information sufficient to form a belief as to the allegations

       contained in paragraph 4.

5.     Admit the allegations contained in paragraph 5.

6.     Admit the allegations contained in paragraph 6.

7.     Admit the allegations contained in paragraph 7.

8.     Admit the allegations contained in paragraph 8.

1

9.      Admit the allegations contained in paragraph 9.

10.     Deny the allegations contained in paragraph 10 except admit at all relevant times mentioned in the Complaint Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND SERGIO MENESES were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

11.     Admit the allegations contained in paragraph 11.

12.     Deny the allegations contained in paragraph 12.

13.     Deny the allegations contained in paragraph 13.

14.     Deny the allegations contained in paragraph 14.

15.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15.

### JURISDICTION, VENUE, AND GENERAL MUNICIPAL LAW COMPLIANCE

16.     Admit the allegations contained in paragraph 16.

17.     Deny the allegations contained in paragraph 17.

18.     Admit the allegation contained in paragraph 18 that the prevailing party is entitled to fees under 42 U.S.C. § 1988, but deny that Plaintiff is entitled to recover any.

19.      Admit the allegations contained in paragraph 19 that venue is proper, but deny there were any acts or omissions committed.

20.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20.

21.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 21.

22.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22.

23.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23.

24.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24.

## STATEMENT OF FACTS

25.     Admit the allegations contained in paragraph 25.

26.     Deny the allegations contained in paragraph 26.

27.     Admit the allegations contained in paragraph 27.

28.     Deny the allegations contained in paragraph 28.

29.     Admit the allegations contained in paragraph 29.

30.     Deny the allegations contained in paragraph 30.

31.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31.

32.     Deny the allegations contained in paragraph 32.

33.     Deny the allegations contained in paragraph 33, except admit Plaintiff did say words to that effect.

34.     Deny the allegations contained in paragraph 34.

35.     Deny the allegations contained in paragraph 35.

36.     Deny the allegations contained in paragraph 36.

37.     Deny the allegations contained in paragraph 37.

38.     Deny the allegations contained in paragraph 38.

39.    Deny the allegations contained in paragraph 39.

40.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 40.

41.    Deny the allegations contained in paragraph 41.

42.    Deny the allegations contained in paragraph 42.

43.    Deny the allegations contained in paragraph 43.

## AS FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF
**Against the Individual Defendants**
**For Unlawful Entry under New York common law**

44.    Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

45.    Deny the allegations contained in paragraph 45.

46.    Deny the allegations contained in paragraph 46.

47.    Deny the allegations contained in paragraph 47.

48.    Deny the allegations contained in paragraph 48.

49.    Deny the allegations contained in paragraph 49.

## AS FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF
**Unlawful Home Entry/Seizure/ False Arrest**
**Against the Individual NYPD Defendants**
**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution**

50.    Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

51.    Deny the allegations contained in paragraph 51.

52.    Deny the allegations contained in paragraph 52.

53.    Deny the allegations contained in paragraph 53.

54.    Deny the allegations contained in paragraph 54.

55.    Deny the allegations contained in paragraph 55.

56.    Deny the allegations contained in paragraph 56.

57.    Deny the allegations contained in paragraph 57.

**AS FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF**
**Excessive Force**
**Against the Individual NYPD Defendants**
**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution**

58.    Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

59.    Deny the allegations contained in paragraph 57.

60.    Deny the allegations contained in paragraph 58.

61.    Deny the allegations contained in paragraph 59.

**AS FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF**
**First Amendment Retaliation**
**Against the Individual NYPD Defendants**
**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution**

62.    Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

63.    Deny the allegations contained in paragraph 63.

64.    Deny the allegations contained in paragraph 64.

65.     Deny the allegations contained in paragraph 65.

66.     Deny the allegations contained in paragraph 66.

67.     Deny the allegations contained in paragraph 67.

68.     Deny the allegations contained in paragraph 68.

## AS FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
### Section 1983 *Monell* Claim Against the Municipal Defendant

69.     Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

70.     Admit the allegations contained in paragraph 70.

71.     Deny the allegations contained in paragraph 71.

72.     Deny the allegations contained in paragraph 72.

73.     Deny the allegations contained in paragraph 73.

74.     Deny the allegations contained in paragraph 74.

75.     Deny the allegations contained in paragraph 75.

76.     Deny the allegations contained in paragraph 76.

77.     Deny the allegations contained in paragraph 77.

78.     Deny the allegations contained in paragraph 78.

79.     Deny the allegations contained in paragraph 79.

## AS FOR AN ANSWER TO THE SIXTH CLAIM FOR RELIEF
### N.Y.C. Admin. Code. §§8-801 *et seq.*, "Qualified Immunity Repeal" Claims Against All Defendants

80.     Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

81.     Admit the allegations contained in paragraph 81.

82.     Deny the allegations contained in paragraph 82.

83.     Deny the allegations contained in paragraph 83.

84.     Deny the allegations contained in paragraph 84 except admit at all relevant times

mentioned in the Complaint Defendants NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES were performing their duties lawfully, under color of

law, and within the scope of their employment as New York City Police Officers.

85.     Deny the allegations contained in paragraph 85.

86.     Deny the allegations contained in paragraph 86.

87.     Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 87.

88.     Deny the allegations contained in paragraph 88.

### AS FOR AN ANSWER TO THE SEVENTH CLAIM FOR RELIEF
**Violations of New York State Law**
*Pursuant to the New York State Constitution and New York State Common Law*

89.     Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

90.     Deny the allegations contained in paragraph 90 except admit at all relevant times

mentioned in the Complaint Defendants NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES were performing their duties lawfully, under color of

law, and within the scope of their employment as New York City Police Officers.

**Violations of the New York State Constitution**

91.    Deny the allegations contained in paragraph 91 except admit at all relevant times

mentioned in the Complaint Defendants NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES were performing their duties lawfully, under color of

law, and within the scope of their employment as New York City Police Officers.

92.    Deny the allegations contained in paragraph 92.

**Assault and Battery**

93.    Deny the allegations contained in paragraph 93.

94.    Deny the allegations contained in paragraph 94.

95.    Deny the allegations contained in paragraph 95.

**False Arrest, False Imprisonment, and Unreasonable Detention**

96.    Deny the allegations contained in paragraph 96.

**Intentional and Negligent Infliction of Emotional Distress**

97.    Defendants NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES repeat, reiterate, and reallege each and every response set forth in the

preceding paragraphs of this Answer as if fully set forth herein.

98.    Deny the allegations contained in paragraph 98.

99.    Deny the allegations contained in paragraph 99.

100.    Deny the allegations contained in paragraph 100.

101.    Deny the allegations contained in paragraph 101.

**<u>JURY DEMAND</u>**

102.    Paragraph 102 is a jury demand to which no response is required.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

103.    Plaintiff's Complaint fails to state a claim upon which relief can be granted as against

Defendant NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND SERGIO

MENESES.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

104.    The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on

the occasion(s) mentioned in the Complaint were wholly or in part caused by the culpable

conduct of Plaintiff.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

105.     The actions of Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES, as sworn Police Officers of Defendant CITY OF

NEW YORK, were justified and done in good faith, in that Defendant NEW YORK CITY

POLICE OFFICERS TANISHA MAYFIELD AND SERGIO MENESES reasonably believed

that they were exercising their duties lawfully, and were acting within their statutory and

constitutional powers.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

106.     Defendant NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES acted reasonably and in good faith in discharging their duties and

responsibilities, and as such are entitled to qualified immunity.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

107.    Upon information and belief, the injuries or damages alleged in the Complaint were or

may have been caused in whole or in part by parties now or hereafter to be named as Co-

Defendants or Third-Party Defendants and accordingly the liability of Defendant NEW

YORK CITY POLICE OFFICER NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND SERGIO MENESES may be limited by the provisions of Article 16 of the CPLR.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

108.    That any sums or consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND SERGIO MENESES to the extent the greater of either sums or consideration paid or promised to Plaintiff or the amount of the joint tortfeasor's equitable share(s) of the damages in accordance with General Obligations Law § 15-108 et. seq.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

109.    Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

110.    Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

111.    Defendant NEW YORK CITY POLICE OFFICER NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND SERGIO MENESES had consent to enter the premises.

**AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT
THE CITY OF NEW YORK**

112.    If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable

conduct other than Plaintiff's own culpable conduct, then such damages were subsequently

due to the culpable conduct, negligent acts, omission, or commission of Defendant CITY OF

NEW YORK.

**AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
THE CITY OF NEW YORK**

113.    All of the acts of Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES were performed under color of law, and within the

scope of their duty and within the scope of their employment as New York City Police

Officers. Any liability to Plaintiff must be assumed by their employer, Defendant CITY OF

NEW YORK, pursuant to the principle of *Respondeat Superior*.

114.    Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant

NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND SERGIO

MENESES, then said Defendants are entitled to recover the amount of such judgment from

Defendant CITY OF NEW YORK.

**AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
THE CITY OF NEW YORK**

115.    All of the actions of Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES were performed within the performance of their duty

and within the scope of their employment as New York City Police Officers, and any liability

to Plaintiff must be assumed by Defendant CITY OF NEW YORK pursuant to NYS General

Municipal Law § 50-k.

116.    Any damages sustained by the Plaintiff at the time or place mentioned in Plaintiff's

Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

117.    Pursuant to this provision of NYS General Municipal Law § 50-k., if Plaintiff recovers

any judgment against Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES, then said Defendants are entitled to indemnification

and/or contribution to recover the amount of such judgment from the Defendant CITY OF

NEW YORK.

### AS FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT
### THE CITY OF NEW YORK

118.    If Defendant NEW YORK CITY POLICE OFFICERS TANISHA MAYFIELD AND

SERGIO MENESES are found to be liable for damages in this action, such liability will have

been caused or contributed to, in whole or in part, by the negligence and culpable conduct of

the remaining Co-Defendants and Defendant NEW YORK CITY POLICE OFFICERS

TANISHA MAYFIELD AND SERGIO MENESES are entitled to indemnification and/or

contribution.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES respectfully demand judgment against Plaintiff as

follows:

(a)    Dismissing Plaintiff's Complaint in its entirety;

(b)    Over and against Defendant, CITY OF NEW YORK, for the amount of any

judgment obtained against Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES ;

(c)      Granting Defendant NEW YORK CITY POLICE OFFICERS TANISHA

MAYFIELD AND SERGIO MENESES costs, disbursements, expenses of the action,

reasonable attorney's fees, and such other and further relief as the Court deems just and

proper.


Dated: New York, New York
       July 3rd, 2025

                              Yours Truly,


                              _____/s/_____
                              BY: Doug LaBarbera (DL 6212)
                              LaBarbera & Associates P.C.
                              *Attorneys for Defendant P.O. Mayfield & Meneses*
                              111 John Street, Suite 640
                              New York, NY 10038
                              (212) 964-8038

CC:   **VIA ECF**

      J. Remy Green
      Elena L. Cohen
      Cohen & Green P.L.L.C
      *Attorneys for Plaintiff*
      1639 Centre Street, Suite 216
      Ridgewood, NY 11385

      Gideon Orion Oliver
      Attorney at Law
      *Attorney for Plaintiff*
      277 Broadway
      Suite 1501
      New York, NY 10007

      Gregory J.O. Accarino
      New York City Law Department
      *Attorneys for Defendant City of New York*
      100 Church Street
      New York, NY 10007