UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
VANKY BERNADEAU, as next friend and
guardian of C.B., a minor,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, NYPD YOUTH
COORDINATION OFFICER ("YCO") TANISHA
MAYFIELD (TAX I.D. 938967), and YCO
SERGIO MENESES (TAX I.D. 968637),

                          Defendants.
-------------------------------------------------------------- x

**MEMORANDUM**

25 Civ. 483 (NRM) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Vanky Bernadeau, as next friend and guardian of C.B. ("Plaintiff"), commenced this action against Defendants The City of New York (the "City"); NYPD Youth Coordination Officer Tanisha Mayfield ("Officer Mayfield"); and NYPD Youth Coordination Officer Sergio Meneses ("Officer Meneses" and, collectively, with the City and Officer Mayfield, "Defendants"). See generally ECF No. 14. Plaintiff asserted claims (1) for unlawful entry pursuant to New York common law against Officer Mayfield and Officer Meneses; (2) for unlawful entry, seizure and false arrest and excessive force pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution against Officer Mayfield and Officer Meneses; (3) for retaliation pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution against Officer Mayfield and Officer Meneses; (4) for the above-noted constitutional violations pursuant to 42 U.S.C. § 1983 against the City; (5) for liability pursuant to § 8-803 the New York City Administrative Code against Defendants; (6) for violation of Article I §§ 6, 8-9, and 11-12 of the New York State Constitution against Defendants; and (7) for assault, battery, false arrest, false imprisonment, unreasonable detention,

1

intentional infliction of emotional distress and negligent infliction of emotional distress pursuant to New York common law against Defendants.  See generally id.

The factual basis for Plaintiff's complaint was the entry of Officer Mayfield and Officer Meneses into C.B.'s home when C.B. was fifteen years old, for which the Officers allegedly "did not possess any warrant," and in the absence of "exigent circumstances permitting [them] . . . to enter C.B.'s home without a warrant," id. ¶¶ 3, 25, 27, and the ensuing interactions between C.B., Officer Mayfield and Officer Meneses, see id. ¶¶ 29-43.

Plaintiff accepted Defendants' $10,001.00 offer of judgment against the City to resolve all claims against Defendants in this action.  See generally ECF Nos. 27-27-3; ECF Nos. 28-28-1.  Plaintiff's counsel and Defendants separately negotiated an award of attorneys' fees and costs of $20,000.00.  See ECF No. 29-1 ¶¶ 12, 27; ECF No. 33 ¶ 3.  Before the Court is Plaintiff's motion for approval of the infant compromise.  See generally ECF Nos. 29-29-5.  The Court held a hearing during which the record was further developed.  See 3/26/2026 Dkt. Entry.  For the reasons set forth below, the Court grants Plaintiff's motion and enters the infant compromise Order filed contemporaneously with this Memorandum.

I.    DISCUSSION

In evaluating motions for approval of an infant compromise, courts in this District must apply New York law, dispensing with any requirement thereof upon a showing of good cause, see Local Civ. Rule 83.2(a)(1), to determine whether the proposed settlement comports with the interest of the infant, see id. 83.2(a)(3), and to award reasonable attorneys' fees and costs to counsel for the infant, see id. 83.2(a)(2).  See also NY CPLR § 1207 (providing that, "[u]pon motion of a . . . parent having legal custody of an infant, . . . the court may order settlement of

2

any action commenced by or on behalf of the infant," which "shall be entered without costs and shall approve the fee for the infant's . . attorney, if any").

### A.    Local Civil Rule 83.2(a)(3): Protection Of The Infant's Interest

### 1.    Legal Framework

Local Civ. Rule 83.2(a)(3)[1] provides that "[t]he Court must order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent." See, e.g., Dixon v. U.S., No. 20 Civ. 4660 (EK) (VMS), 2025 WL 3657157, at *3 (E.D.N.Y. Oct. 3, 2025) (citation omitted), report & recommendation adopted, No. 20 Civ. 4660 (EK) (VMS), 2025 WL 3654529 (E.D.N.Y. Dec. 17, 2025); Murray v. City of New York, No. 21 Civ. 6892 (EK) (VMS), 2024 WL 4635229, at *2 (E.D.N.Y. July 6, 2024) (citations omitted), report & recommendation adopted, No. 21 Civ. 6892 (EK) (VMS), 2024 WL 4635223 (E.D.N.Y. Oct. 31, 2024); Keathley v. Annor, 19 Civ. 9516 (KNF), 2020 WL 6431633, at *2 (S.D.N.Y. Nov. 2, 2020) (citation omitted).

Under New York law, a "settlement of an infant's claim must be approved by the court as fair and reasonable and in the infant's best interests" and generally "cannot be binding absent compliance with CPLR 1208." Unger v. Coyle, 40 N.Y.S.3d 491, 493 (2d Dep't 2016) (citations omitted); see Edionwe v. Hussain, 777 N.Y.S.2d 520, 521-22 (2d Dep't 2004) (stating that "[t]he claim of an infant may not be compromised without the approval of the court pursuant to CPLR 1207 and CPLR 1208," which require, inter alia, that the court "scrutiniz[e the settlement] . . . to

---

[1] Throughout this Memorandum, the Court quotes Local Civil Rule 83.2(a), as set forth in the Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"), effective January 2, 2026.  This version of the Local Rules is nearly identical to the version of the Local Rules made effective on January 2, 2025, which was in effect at the time the parties agreed to the settlement.  Any changes do not affect substantively the analysis herein.

assure that it was fair and reasonable and in the plaintiff's best interests" (citations omitted)). In order to enable the assessment of an infant's interest in relation to a proposed settlement, NY CPLR § 1208, entitled "Settlement Procedure; Papers; Representation," requires certain filings, including, as pertinent here:

(a) Affidavit of infant's or incompetent's representative. An affidavit of the infant's or incompetent's representative shall be included in the supporting papers and shall state:
1. his name, residence and relationship to the infant or incompetent;
2. the name, age and residence of the infant or incompetent;
3. the circumstances giving rise to the action or claim;
4. the nature and extent of the damages sustained by the infant or incompetent, and if the action or claim is for damages for personal injuries to the infant or incompetent, the name of each physician who attended or treated the infant or incompetent or who was consulted, the medical expenses, the period of disability, the amount of wages lost, and the present physical condition of the infant or incompetent;
5. the terms and proposed distribution of the settlement and his approval of both;
6. the facts surrounding any other motion or petition for settlement of the same claim, of an action to recover on the same claim or of the same action;
7. whether reimbursement for medical or other expenses has been received from any source; and
8. whether the infant's or incompetent's representative or any member of the infant's or incompetent's family has made a claim for damages alleged to have been suffered as a result of the same occurrence giving rise to the infant's or incompetent's claim and, if so, the amount paid or to be paid in settlement of such claim or if such claim has not been settled the reasons therefor.

(b) Affidavit of attorney. If the infant or incompetent or his representative is represented by an attorney, an affidavit of the attorney shall be included in the supporting papers and shall state:
1. his reasons for recommending the settlement;
2. that directly or indirectly he has neither become concerned in the settlement at the instance of a party or person opposing, or with interests adverse to, the infant or incompetent nor received nor will receive any compensation from such party, and whether or not he has represented or now represents any other person asserting a claim arising from the same occurrence; and
3. the services rendered by him.

(c) Medical or hospital report.  If the action or claim is for damages for personal injuries to the infant or incompetent, one or more medical or hospital reports, which need not be verified, shall be included in the supporting papers.

In considering whether "the best interests of the infant are protected by the terms and conditions of the proposed settlement," courts applying Local Civil Rule 83.2(a) and, by extension, the underlying New York law, have reasoned that "[t]here is no bright-line test for concluding that a particular settlement is fair," and "that Rule 83.2 is hardly a rigid obligation imposed on district courts," which enjoy "broad discretion" in evaluating infant compromises. See, e.g., T.H. v. New York City Dep't of Educ., 99 F. Supp. 3d 394, 396 (S.D.N.Y. 2015) (citations & quotations omitted).  Nonetheless, a settlement is presumptively fair, reasonable and in the best interests of the infant if either (1) it is "negotiated by the natural guardian of an infant," or (2) it "is not collusive but was reached after arm's length negotiation[,] . . . the proponents have counsel experienced in similar cases[, and] . . . there has been sufficient discovery to enable counsel to act intelligently."  Id. at 397 (citations & quotations omitted). Determining whether an infant compromise "is fair, reasonable[] and adequate, based on a comparison of the terms of the compromise with the likely rewards of litigation," requires consideration of

> an educated estimate of the complexity, expense, and likely duration of such litigation[;] . . . the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand a greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Id. at 396 (citations & quotations omitted); see Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (noting that a court "must form an educated estimate of the complexity, expense, and likely duration of such litigation . . . and all other factors relevant to a

full and fair assessment of the wisdom of the proposed compromise" (citations & quotations omitted)).

### 2.      Application

For the reasons discussed below, the Court finds that the proposed settlement is in the best interests of C.B. in this action and approves the settlement in accordance with the terms set forth in the Order filed contemporaneously with this Memorandum.

Plaintiff has largely complied with the spirit of the requirements of Local Civil Rule 83.2 and NY CPLR 1208(a), (b) and (c), if not the letter.

In accordance with NY CPLR 1208(a), Plaintiff, Vanky Bernadeau, filed a declaration. First, it provides his name and indicates that he is the father and legal guardian of C.B., see ECF No. 29-5 ¶ 1, but it fails to include his residence.[2]  Second, it states the initials for C.B. and his current age of seventeen years old, see id., but it fails to include C.B.'s name and residence. Third, it sets forth the circumstances giving rise to the action, namely that, "on November 1, 2023, the two individual Defendant members of the New York City Police Department ('NYPD') entered C.B.'s apartment without a warrant, where they interrogated, attacked, and injured C.B." Id. ¶ 7.  Fourth, it sets forth the damages suffered by C.B., for which he "did not receive medical treatment" or incur medical expenses or suffer any lost wages, namely (a) that he "was handcuffed for about 4 minutes," which "hurt [his] . . . wrists"; (b) that he had "a laceration and bleeding from his head" that "caused a large lump, swelling, and substantial pain"; and (c)

---

[2] Plaintiff's counsel requested that this requirement as to Plaintiff and C.B. to include such information be waived "because of safety and privacy concerns."  See ECF No. 29-1 ¶ 31. The Court does not find that this information affects the merits of the motion.  On the record, Plaintiff confirmed that he lives in Kings County, as does C.B.  See Transcript of Oral Argument at 10:17-22, C.B. v. City of New York, 25 Civ. 483 (NRM) (VMS) (ECF No. 32).

that the force "used also skinned [his] . . . knee." Id. ¶¶ 8, 16-17, 19.[3, 4] Fifth, it states the terms

and planned distribution of funds for the proposed settlement and Plaintiff's approval thereof,

namely "that, under the terms of the Rule 68 Offer, the City was to make a $10,001.00 payment

within 90 days of that acceptance," but that "there is a process for the Court to consider the

proposed resolution of the case, in order to protect [C.B.'s] . . . interests, which has delayed that

deadline,"[5] and that, if approved, the City "will pay [Plaintiff] . . . $10,001.00 for C.B.'s use and

enjoyment," to be deposited "in an interest-bearing account in his name at an F.D.I.C.-insured

bank, which would be available to him upon his 18th birthday," with Plaintiff's counsel to

separately negotiate or apply to the Court for an award of attorneys' fees and costs not to be

deducted from C.B.'s award.[6]  See id. ¶¶ 11, 14-15, 21-22, 31.  Sixth, it states that "[t]here are no

other motions or petitions for settlement of the same claim, or of any action to recover on the

same claim, or of the same action."  Id. ¶ 18.  Seventh, it states that "there is . . . no

---

[3] This description is supplemented by Plaintiff's counsel's declaration, in which he states that C.B.'s injuries "include the violations of his privacy rights and the trauma around having NYPD members come into his apartment without a warrant or legal justification to size, interrogate, assault, and threaten him, cuffing him for several minutes, skinning his knee and causing a cut, bleeding, swelling, and pain to his head (for which he did not seek medical treatment)."  ECF No. 29-1 ¶ 14.

[4] Given that C.B.'s alleged injuries did not necessitate medical treatment, such that they were unlikely to have caused a prolonged period of impairment, the Court waives the requirement for claimed personal injury damages to set forth "the period of disability . . . and the present physical condition of the infant."  NY CPLR § 1208(a)(4).

[5] The Court notes that Plaintiff accepted the offer of judgment on September 2, 2025, see generally ECF No. 27, and alerted the Court to such acceptance on December 17, 2025, see generally ECF No. 26.  Plaintiff filed the documentation of the acceptance and the motion for approval of the infant compromise on December 29, 2025, see generally ECF Nos. 27-27-3; 28-28-1; 29-29-5, and provided the required supplemental materials in response to the Court's Order on March 30, 2026, see generally ECF Nos. 33-33-2, after the Court's March 25th conference.

[6] As C.B. has an interest in the attorneys' fees and costs, such fees and costs are subject to the Court's review under the infant-compromise rule.

reimbursement of any medical expenses at issue." Id. ¶ 17.  Eighth, it states that neither Plaintiff "nor any member of [his] . . . and C.B.'s family has made a claim for damages alleged to have been suffered as a result of the same occurrence giving rise to the claims herein." Id. ¶ 20.

Pursuant to NY CPLR 1208(b), Plaintiff's counsel, Gideon Orion Oliver, filed a declaration.  First, it sets forth his reasons for recommending the settlement, as, "based on over 20 years of litigating civil rights claims against the City of New York[,] . . . $10,001.00 is a reasonable sum in settlement of this matter at this stage" (a) because, "[a]lthough the actions of the individual Defendants were, on Plaintiff's and counsels' view, illegal and abhorrent, thankfully, their illegal entry into Plaintiff's[7] apartment lasted less than 20 minutes total, their handcuffing of Plaintiff lasted around 4 minutes, and Plaintiff's physical injuries, which included cuts and bruising, did not require medical treatment"; (b) because, "while Plaintiff might recover more after a trial, proceeding with litigation, including potential trial, remittitur, and appeals, could take years, and the ultimate outcome of the case would be uncertain," whereas "[r]esolving this case in the manner Plaintiff is proposing at this stage of the case will provide C.B. with a sum certain within a reasonably short period of time," which "will make a real, material difference in C.B.'s life"; (c) because, upon approval of the proposed settlement, "Plaintiff will win a judgment against the City of New York, making him the prevailing party in the litigation and entitling him to attorney's fees, costs, and expenses"; and (d) because, "to the extent Plaintiff has an interest in seeing the individual Defendants held accountable, both of the individual Defendants are currently facing charges as a result of an investigation conducted by the City's Civilian Complaint Review Board ('CCRB') related to abuse of authority and discourtesy, and Defendant Meneses is facing additional charges as a result of his uses of force against C.B. and

---

[7] The Court believes that Plaintiff's counsel is using the term "Plaintiff" to refer to C.B.

making untruthful statements to the CCRB in the course of its investigation," ECF No. 29-1 ¶ 14, 16-19.  Second, it states (a) that "neither [he] . . . nor any of [his] . . . co-counsel at Cohen[ ]&[ ]Green have directly or indirectly become concerned with settlement in this matter at the instance of a party or person opposing the infant plaintiff in this matter nor with any party or person with interests adverse to the infant plaintiff in this matter"; (b) that "neither [he] . . . nor any of [his] . . . co-counsel at Cohen[ ]&[ ]Green have represented or now represents any other person asserting a claim arising from the same occurrence"; and (c) that "neither [he] . . . nor [his] . . . co-counsel have received, nor will receive, any compensation from any party or person of adverse interest to the infant plaintiff related to this matter."  Id. ¶¶ 36-38.  Third, it states that, "[b]etween January 28, 2025 and August 19, 2025, counsel litigated this case, conducting the Rule 26(f) and initial pre-trial conference, exchanging initial disclosures (including the BWC video), and litigating a motion to stay brought by Defendant City of New York in light of pending disciplinary proceedings against the individual Defendants as a result of the incident involved in this lawsuit," after which Plaintiff's counsel received, consulted with Plaintiff and C.B. about, and accepted Defendants' offer of judgment.  Id. ¶¶ 8-10.

Pursuant to NY CPLR 1208(c), Plaintiff's counsel states that "[t]here are no medical or hospital reports to include with this application because C.B. did not receive any medical treatment as a result of the incident."  Id. ¶ 32.

Plaintiff confirmed during the hearing on this motion that he is satisfied with the settlement amount, believes that settling this action is in the best interests of C.B., that he discussed the settlement with his counsel, and that he is satisfied with the legal work and advice provided by his counsel.  See ECF No. 32, Tr. 9:23-10:16.  Plaintiff confirmed on the record that the settlement funds will be for C.B.'s sole use and benefit, that the bank account in which the

9

funds are deposited will bear the highest interest rate available, that no one will make withdrawals from the account without Court approval prior to C.B. reaching the age of majority, that Plaintiff is C.B.'s father and that Plaintiff is legally authorized to execute any necessary paperwork to effectuate acceptance of the offer of judgment and approval of the infant compromise.  See ECF No. 32, Tr. 8:15-9:17.

The proposed settlement is presumptively reasonable, as it was negotiated, through counsel, by C.B.'s father and guardian, Vanky Bernadeau.  See T.H., 99 F. Supp. at 397 (citations omitted).

The record supports the conclusion that the settlement is reasonable.  As to the complexity, expense and likely duration of the litigation, the Court concurs in Plaintiff's counsel's analysis, discussed supra, that proceeding through trial and a potential appeal in this action would be a multi-year process with an uncertain outcome.  See ECF No. 29-1 ¶ 17.  By contrast, as to the stage of the proceedings and the amount of discovery completed, this action is in its relative infancy, having been commenced less than a year prior to settlement, see generally ECF No. 1, and with discovery having commenced less than two months before the Rule 68 offer was made, see 7/25/2025 Order; ECF No. 26 at 1.  As to the risks of establishing liability and damages, in relation to the former, the Court notes that Plaintiff's counsel contends that the body-worn camera "footage absolutely confirmed Plaintiff's version of events as pleaded in this case," ECF No. 29-1 ¶ 6, seemingly suggesting limited risks in relation to establishing liability. In relation to damages, the Court notes that the absence of treatment received by C.B. related to the incident, the absence of any physical injury or lasting psychological injury, and the admitted brevity of the incident, discussed supra, likely would together pose a serious challenge for proving substantial damages.  As to the ability of Defendants to withstand a greater judgment,

counsel for Officer Mayfield and Officer Meneses reported that they "make[] the normal salary for a police officer, having worked for approximately seven years," and that counsel "do[es] not believe they would be able financially to pay a significant judgment if this case were to proceed to trial." ECF No. 32, Tr. 12:16-20. The Court is also aware that any settlement funds paid by the City would come from the public fisc. As to the range of reasonableness in light of the best possible recovery and in light of all of the litigation risks, Plaintiff does not set forth his anticipated best possible recovery, but the Court concurs in Plaintiff's experienced counsel's analysis, discussed supra, that the settlement amount of $10,000.01 is reasonable given the above-noted challenges to establishing a greater amount in damages and the significant benefits to C.B. in obtaining a prompt and definite award for his alleged injuries.

As such, the Court approves the proposed settlement as reasonable.

**B.      Local Civil Rule 83.2(a)(2): Reasonable Attorneys' Fees And Costs**

Local Civ. Rule 83.2(a)(2) provides that "[t]he Court must authorize payment to counsel for the infant or incompetent person of a reasonable attorney's fee and proper disbursements from the amount recovered in the action, whether realized by settlement, execution, or otherwise, and must determine those fee and disbursements after due inquiry as to all charges against the fund." Under New York law, the requirement to approve "the settlement of the action, including the amount of the attorney's fee," is derived "from the court's duty to protect infants and other wards of the court." White v. DaimlerChrysler Corp., 871 N.Y.S.2d 170, 173 (2d Dep't 2008) (citations omitted). NY Judiciary Law § 474 requires that an attorney who enters into a contingency fee agreement with an infant's guardian file an application with the court, briefly setting forth "the contract, the services performed by the attorney and pray that there be awarded to him a suitable amount out of the recovery, award, compromise or settlement obtained through

his efforts as attorney on behalf of the infant," upon which the court will "determine the value of the services of said attorney, taking such proof from either the attorney or the guardian by affidavit, reference or the examination of witnesses before the said court," and determine "the suitable compensation for the attorney for his services therein," with no other compensation being allowed.  Although "suitable compensation" for an attorney is undefined, in making such assessment,

> the court must determine the reasonable value of the legal services provided in light of all of the facts and circumstances, with consideration given to any agreement as to compensation, and award an amount consistent with such a determination and with the court's duty to ensure fair and adequate compensation for the infant.

Id. at 173-74 (considering the skill of the attorney in prosecuting the action and the results obtained, the time expended by the attorney in prosecuting the case, the nature of the fees requested, and the litigated issues in the case in affirming the award of attorneys' fees).

Courts applying Local Civil Rule 83.2(a) and, by extension, the underlying New York law, determine an appropriate award of attorneys' fees by assessing "the skill, diligence, and expertise required to examine the issues raised in the action and the time and labor involved in litigating the case," which includes an evaluation of "evidence supporting the hours worked and rates claimed."  See, e.g., Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377-78 (S.D.N.Y. 2010) (citations & quotations omitted).  In doing so, courts should determine "what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked."  Id. at 378 (citation & quotations omitted).  As to costs, "Local Civil Rule 54.1 . . . , which explains how requests to tax costs are typically handled, requires that [t]he bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and

were necessarily incurred," with bills for such costs attached as exhibits. Id. (citation & quotations omitted).

> Plaintiff's counsel initially represented that
>
> Plaintiff's counsel will negotiate with Defendants in order to agree on an amount of compensation to settle Plaintiff's outstanding claim for attorney's fees, expenses, and costs. If the parties are not successful, Plaintiff's counsel will make an application to the Court asking that the Court set the amount of attorney's fees, expenses, and costs Plaintiff is entitled to.

ECF No. 29-1 ¶ 12. Plaintiff's counsel represented that, "[n]o matter what amount of attorney's fees, costs, and expenses are agreed on or awarded, no attorney's fees, expenses, or costs will be deducted from C.B.'s $10,001.00 net recovery, which the City of New York will pay to Vanky Bernadeau for the use and benefit of C.B." Id. ¶ 27.

Subsequent to the filing of the initial papers for the motion for approval of the infant compromise, the parties reported that they had reached a settlement of Plaintiff's attorneys' fees and costs in the amount of $20,000.00. See ECF No. 32, Tr. 6:22-7:2. Plaintiff's counsel report that their retainer agreement with Plaintiff entitles them to the greater of (1) the amount of attorneys' fees agreed upon via settlement or awarded by the Court or (2) "1/3 of the combined total of the attorneys' fees awarded or received."[8] ECF No. 29-1 ¶ 20. Plaintiff's counsel further report that they have spent "over 50 hours litigating this matter," at hourly rates ranging from $525.00 for J. Remy Green to $675.00 for Elena L. Cohen to $775.00 for Gideon Orion Oliver. Id. ¶¶ 21-22.[9]

---

[8] The Court believes that Plaintiff's counsel intended to describe the second option as one third of the total settlement, rather than as one third of the award of attorneys' fees.

[9] Counsel does not provide independent support for the hourly rates requested, other than to mention that such rates are set in their retainer agreement with Plaintiff. See ECF No. 29-1 ¶ 21. The Court need not decide the upper limit for counsel's hourly rate.

The Court would be unlikely to approve attorneys' hourly rates at the rates reported, particularly given the limited amount of expertise required to litigate the case to date and rates regularly awarded in fee applications for similar cases in this District.  Nonetheless, given that counsel reports that they spent over fifty hours on the case, the $20,000.00 attorneys' fee award represents an hourly rate of $400.00 per hour, which is at or below below the rate that the Court would likely approve for the work in this case, given counsel's experience.[10]  Plaintiff also reports $885.47 in costs.  See id. ¶ 25.  In sum, $20,000.00 appears to be a reasonable recovery for attorneys' fees and costs under the circumstances, and one to which Plaintiff agreed on the record before this Court.  See ECF No. 32, Tr. 9:23-10:2.

As such, the Court approves the proposed award of attorneys' fees and costs as fair and reasonable.

---

[10] Counsel reports that their "legal workers . . . have spent over 20 hours litigating this matter," at the hourly rate of $200.00.  Id.  This rate is also well above the rate the Court would likely approve, but what rate would be compensable need not be decided because counsels' work alone justifies the $20,000.00 settlement for fees and costs.

## II.    CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's motion for approval of the

infant compromise.  Counsel and the parties must comply with the Order entered

contemporaneously.[11]

Dated:  Brooklyn, New York
          June 8, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[11] The Court notes that the new form of proposed judgment, see generally ECF No. 33-2, is, substantively, nearly identical to the form of judgment offered by the City and accepted by Plaintiff, see generally ECF No. 27-1, other than that the former notes that ninety days from the Court's approval of the infant compromise is a reasonable time for payment, while the latter notes that ninety days from the acceptance of the offer of judgment is a reasonable time for payment.  Given that the latter is the judgment actually offered and accepted to resolve this action, ECF No. 27-1 at 2-4, the Clerk of Court is directed to enter it.